IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| COLORADO OFF ROAD ENTERPRISE; MARCUS TRUSTY, in his capacity as president of CORE as well as his individual capacity; PATRICK MCKAY, in his capacity as a Board Member of CORE as well as his individual capacity,<br><br>Petitioners,<br><br>v.<br><br>USDA FOREST SERVICE, an agency of the U.S. Department of Agriculture; and DIANA M. TRUJILLO, in her official capacity as the Forest and Grasslands Supervisor for the Pike and San Isabel National Forests, Cimarron and Comanche National Grasslands,<br><br>Respondents. | Case No. 1:23-cv-415-AP<br><br>RESPONSE TO PETITIONERS' "COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR REVIEW OF AGENCY ACTION" |

Respondents hereby respond to Petitioners' February 13, 2013, "Complaint for Declaratory and Injunctive Relief and Petition for Review of Agency Action," ECF No. 1 (hereinafter "Petition") as follows:

1. The Petition alleges that the U.S. Forest Service and Diana M. Trujillo, in her official capacity as the Forest and Grasslands Supervisor for the Pike and San Isabel National Forests, Cimarron and Comanche National Grasslands, violated various statutes and regulations in approving the Pike San Isabel National Forest Motorized Travel Management (MVUM) Analysis Project (Project).  ECF No. 1 ¶¶ 2-3.  Specifically, Petitioners allege that Federal Defendants' approval of the Project violated the Forest Service's Travel Management Regulations, 36 C.F.R. pt. 212, the National Environmental

Policy Act (NEPA) and its implementing regulations, 42 U.S.C. §§ 4321-4380m, the National Forest Management Act (NFMA), 16 U.S.C. §§ 1600-1614, the Multiple-Use Sustained Yield Act (MUSYA), 16 U.S.C. §§ 528-531, Executive Order 11989 and the Administrative Procedure Act, 5 U.S.C. § 706.  ECF No. 1 ¶¶ 687-849.

2.  The Tenth Circuit has held that challenges to agency action asserting such claims are to be reviewed in accordance with the judicial review provisions of the APA, 5 U.S.C. §§ 701-706.  *See, e.g.*, *Citizens' Comm. to Save Our Canyons v. Krueger*, 513 F.3d 1169, 1176 (10th Cir. 2008) (the APA "governs judicial review of agency actions…."); *Utah Envtl. Congress v. Bosworth*, 443 F.3d 732, 739 (10th Cir. 2006) ("Because neither NEPA nor NFMA provide a private right of action, this court reviews the Forest Service's approval of [a project] as a final agency action under the APA.").

3.  Petitioner acknowledges that it brings its claims under the APA, 5 U.S.C. § 706.  *See* ECF No. 1 ¶¶ 703, 716, 722, 727, 731, 739, 754, 777, 784, 802, 811, 816, 832, 849.  The District of Colorado has adopted AP Rules that "apply to pre-merits management and briefing in…a case commenced or reviewed under 5 U.S.C. § 706 concerning an action or final decision of an administrative agency…."  D.C.Colo.LAPR 1.1(c).  The AP Rules require the petition to "include factual allegations relating to the grounds on which the agency action is being challenged and the legal basis for plaintiff/petitioner's entitlement to relief."  *Id.* 10.2(c).

4.  In *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994), the Tenth Circuit held that challenges to federal agency actions pursuant to the judicial review provisions of the APA are not subject to the use of normal civil trial procedures:

> A district court is not exclusively a trial court. In addition to its *nisi prius* functions, it must sometimes act as an appellate court. Reviews of agency action in the district courts must be processed *as appeals*. In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure.

42 F.3d at 1580 (emphasis in original). *See also Nat'l Ski Areas Ass'n, Inc. v. U.S. Forest Serv.*, 910 F. Supp.2d 1269, 1279 (D. Colo. 2012); *Colorado Wild v. Vilsack*, 713 F. Supp.2d 1235, 1237 (D. Colo. 2010) ("I review the administrative agency's decision as an appellate body. As a result, I apply the Federal Rules of Appellate Procedure and, generally, limit my review to the evidence relied upon by the Respondents in reaching the challenged decision.") (citing *Olenhouse*, 42 F.3d at 1580).

5. In *Olenhouse*, the Tenth Circuit stated that part of "the illicit procedure [the district court] employed to determine the issues for review" was that the district court had "processed the [plaintiffs'] appeal as a separate and independent action, *initiated by a complaint* and subjected to discovery and a 'pretrial' motions practice." 42 F.3d at 1579 (emphasis added); *see also Wilderness Soc'y v. Wisely*, 524 F. Supp.2d 1285, 1297 (D. Colo. 2007) ("The arbitrary and capricious analysis also requires the Court to conduct a plenary review of the administrative record to see whether there are facts which support the agency's decision." (citing *Olenhouse*, 42 F.3d at 1575-76)).

6. The law in the Tenth Circuit, as set forth explicitly in *Olenhouse*, is clear that a "Complaint" is not a proper vehicle for initiating claims challenging a federal agency action in federal district court. Therefore, Petitioners properly initiated this action with the Petition, which is not the functional equivalent of a "Complaint." Consequently, no "Answer" is required under the Federal Rules of Civil Procedure, which are generally

3

inapplicable at this stage of the litigation. The Tenth Circuit has recognized that the procedure mandated by *Olenhouse* is the correct procedure for claims challenging agency actions. *See, e.g.*, *Forest Guardians v. U.S. Fish & Wildlife Serv.*, 611 F.3d 692, 702 n.12 (10th Cir. 2010) ("Even though this action was originally filed in the form of a complaint, the parties later agreed to proceed as if it properly had been filed as a petition for review of agency action.") (citing *Olenhouse*, 42 F.3d at 1579-80).

7. Respondents deny all violations of federal law alleged in the Petition's first through fourteenth claims for relief alleging violation of the Travel Management Rule, NEPA, NFMA, MUSYA, Executive Order 11989, and the APA. ECF No. 1 ¶¶ 687-849.

8. In accordance with *Olenhouse* and the District of Colorado's AP Rules, this matter should proceed with production of the Administrative Record and briefing on the merits of Petitioners' appeal from the challenged agency actions for any claims remaining after any motions to dismiss are resolved. D.C.Colo.LAPR 16.1(a) ("In all AP cases, except social security appeals and bankruptcy appeals, the parties will be directed to file a Joint Case Management Plan.").

Respectfully submitted this 8th day of May 2023.

        TODD KIM
        Assistant Attorney General
        Environment & Natural Resources Division
        U.S. Department of Justice

        */s/ Shaun M. Pettigrew*
        SHAUN M. PETTIGREW (CA Bar No. 254564)

Senior Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
(206) 526-6881
shaun.pettigrew@usdoj.gov

*Attorney for Federal Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of May, 2023, the foregoing was electronically filed with the Clerk of the Court and served using the CM/ECF system upon all attorneys of record.

<i>/s/ Shaun M. Pettigrew</i><br>Shaun M. Pettigrew