IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 23-cv-00415-AP

COLORADO OFF ROAD ENTERPRISE,
MARCUS TRUSTY, in his capacity as president of CORE as well as his individual capacity, and
PATRICK MCKAY, in his capacity as a Board Member of CORE as well as his individual capacity,

    Petitioners,

v.

USDA FOREST SERVICE, an agency of the U.S. Department of Agriculture, and
DIANA M. TRUJILLO, in her official capacity as the Forests and Grasslands Supervisor for the Pike and San Isabel National Forests, Cimarron and Comanche National Grasslands,

    Respondents.

---

**JOINT CASE MANAGEMENT PLAN FOR PETITIONS
FOR REVIEW OF AGENCY ACTION**

---

**1.**     **APPEARANCES OF COUNSEL**

<u>For Petitioners:</u>

Kevin R. Garden
The Garden Law Firm, PC
66 Canal Center Plaza, Suite 505
Alexandria, VA 22314
(703)535-5565
kevin@gardenlawfirm.com

<u>For Respondents:</u>

Shaun M. Pettigrew
Senior Trial Attorney
Environment & Natural Resources Division – Natural Resources Section
U.S. Department of Justice
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE

Seattle, WA 98115
(202) 532-5973
shaun.pettigrew@usdoj.gov

## 2. STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION

The parties agree the Court has jurisdiction under, 28 U.S.C. § 1331 (federal question) and the Administrative Procedure Act, 5 U.S.C. § 704.

## 3. DATES OF FILING OF RELEVANT PLEADINGS

A. **Date Petition for Review Was Filed:** February 13, 2023

B. **Date Petition for Review Was Served on U.S. Attorney's Office:** March 9, 2023

C. **Date Answer or Other Response Was Filed:** May 8, 2023

## 4. STATEMENT(S) REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES

The parties agree that this case does not raise any unusual claims or defenses.

## 5. OTHER MATTERS

The administrative record in this case is voluminous. A rough preliminary estimate of the size of the administrative record indicates that it will consist of around 3,500 documents comprising approximately 150,000 pages, totaling nearly 3300 megabytes. Uploading all of these documents to the CM/ECF system would be cumbersome and extremely time consuming. Doing so would require the administrative record files be divided into "batches" of the size limit of the CM/ECF system (25 megabytes) and each file batch uploaded individually onto the system. The process of uploading these documents is likely to take several hours. Furthermore, each docket entry on the CM/ECF system allows only so many attachments, so that multiple docket entries would be required in order to file the entire administrative record. The resulting record would be difficult for the Court, the parties, and the public to navigate.

Recognizing the importance of having the documents from the administrative record relied on by the parties in their briefing in this matter be part of the CM/ECF system, and available to the public, the parties respectfully request that they be allowed to proceed as follows:

- Respondents will file a certified list of the contents of the administrative record on CM/ECF on the date set forth below. On that same date, Respondents will provide Petitioners with a thumb drive (or other storage media) containing copies of the documents comprising the

- administrative record and an index with hyperlinks to each of those documents. At this time, Respondents will also provide a chambers' copy of the thumb drive (or other storage media) that it provides to Petitioners.
- Within 30 days from the conclusion of the parties' briefing, the parties will jointly prepare and file through the CM/ECF system an appendix containing those portions of the administrative record relied upon in the briefing. The parties are encouraged to agree on the contents of the appendix which shall be filed by Petitioners. In the absence of an agreement, the Petitioners must serve on all other parties an initial designation and provide all other parties the opportunity to designate additional portions of the administrative record. Petitioners shall include all parts of the record designated by all parties in the appendix.

Because the parties anticipate that they will rely on only a very small proportion of the documents comprising the administrative record in their briefing, this approach will provide for easier access and review of the relevant documents by the Court and public, declutter the CM/ECF docket, and ease the burden associated with filing the entire administrative record on CM/ECF. This approach is similar to the approach adopted by Local Rule 7(n) for the U.S. District Court for the District of Columbia, which regularly hears challenges to administrative actions with voluminous administrative records. The parties also believe that this approach is consistent with the Tenth Circuit's instruction that judicial review of agency action in the district courts should be processed as appeals. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994); *see also* Fed. R. App. P. 30; 10th Cir. R. 30 (requiring parties to an appeal designate and serve an appendix of the relevant portions of the record, including the agency's administrative record); Fed. R. App. P. 30(c); 10th Cir. R. 30.1(A)(3) (allowing parties to request that the appendix include only those portions relevant to the arguments advanced in the parties' briefs).

6. **PROPOSED BRIEFING SCHEDULE**

   A. **Deadline for Filing Certified List of Contents of the Administrative Record and Providing a Copy of the Administrative Record to Petitioners:** June 13, 2023

   B. **Deadline for Parties to Confer on Record Disputes:** July 13, 2023

   C. **Deadline for Filing Motions to Complete and/or Supplement the Administrative Record:** August 14, 2023

   D. **Petitioners' Opening Brief Due:** October 2, 2023; 8,000 words

   E. **Respondents' Response Brief Due:** November 1, 2023; 8,000 words

   F. **Petitioners' Reply Brief (If Any) Due:** November 16, 2023; 4,000 words

- 4 -

### 7.  STATEMENTS REGARDING ORAL ARGUMENT

The parties believe oral argument would be beneficial in light of the complex facts and law presented by the Petition.

### *8.  CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE*

*Indicate below the parties' consent choice.*

- A.  ( )   All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.

- B.  (X)   All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.

### 9.  OTHER MATTERS

The parties have no other matters that should be addressed beyond those raised in section 5 above.

### 10.  AMENDMENTS TO JOINT CASE MANAGEMENT PLAN

The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____, 20___.

BY THE COURT

_____
U.S. District Court Judge

APPROVED:

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

- 4 -

| | |
|---|---|
| */s/Kevin R. Garden* | /s/*Shaun M. Pettigrew* |
| Kevin R. Garden | SHAUN M. PETTIGREW |
| The Garden Law Firm, P.C. | Senior Trial Attorney |
| 66 Canal Center Plaza, Suite 505 | Natural Resources Section |
| Alexandria, VA 22314 | c/o NOAA, Damage Assessment |
| *Telephone*: (703) 535-5565 | 7600 Sand Point Way, NE |
| *Email:*  kevin@gardenlawfirm.com | Seattle, WA 98115 |
| | (202) 532-5973 |
| | shaun.pettigrew@usdoj.gov |
| *Attorney for Petitioners* | *Attorney for Respondents* |